## LITTLE et al. v. COUNTY EXCISE BOARD OF MARSHALL COUNTY et al.

No. 24114. Opinion Filed Dec. 13, 1932.

Reuel W. Little and Don Welch. for plaintiffs.

J. Berry King, Atty. Gen., and Sam. H. Lattimore, Asst. Atty. Gen,. for defendants.

ANDREWS. J. This is an original proceeding in this court by the petitioners, as plaintiffs, against the defendants, as respondents, to procure an order of this court in mandamus requiring the respondents "to make an appropriation in the sum of $3,-475.58 for court fund and per diem of jury commissioners, jurors, and witnesses in said courts, in Marshall county, Okla., for the current fiscal year and a levy against the taxable property in said county sufficient to produce the same; and for such other and further general, legal, and equitable relief as they may be entitled."

It appears from the record that the county judge made an itemized statement and estimate of the probable needs for jurors and witnesses for the county court for the ensuing fiscal year in the amount of $250, which he filed with the board of county commissioners, and that the court clerk made an itemized statement and estimate of the probable needs for jurors and witnesses for the district court for the ensuing fiscal year in the amount of $2,500 and for jury commissioners in the amount of $30. The estimate by the court clerk was not signed by the district judge, the estimate by the county judge was not signed by the court clerk, and neither of the estimates was signed by the county attorney.

The county commissioners made, in writing, an itemized statement of estimated needs for the county for the current fiscal year in which they included for jurors and witnesses in the district court, $1,000, for jurors and witnesses in the county court, $150, and for juror commissioners, $20.

The amount of the estimated needs for the current expense of the county for the current fiscal year was in excess of the amount that could be appropriated, and the excise board struck the items of the estimate made by the board of county commissioners for jurors, and witnesses and for jury commissioners and intended to make no appropriations for any of those items.

While the language of section 9698, O. O. S. 1921, authorizes the excise board to revise and correct an estimate by increasing items thereof, there is nothing in that provision, or any other provision of our statutes, requiring an excise board to increase any item of an estimate of needs. A writ of mandamus will not issue to compel a public official to do an act which the law does not specifically enjoin upon him to perform or by clear and reasonable inference make it his duty to perform. Sneed v. Tippett, 114 Okla. 173, 245 P. 40. Since the increasing of any item of an estimate by the excise board is not required by the statute, this court cannot require such an increase to be made by mandamus.

While it appears from the record, as hereinbefore stated, that the estimates filed with the board of county commissioners were not made by the officers whose duty it was to make them under the provisions of section

9697, C. O. S. 1921 [O. S. 1931, sec. 12676] our attention is called to no defect in the estimate made by the board of county commissioners and filed with the excise board. For that reason we do not deem it necessary to determine in this action the effect of the failure of the county attorney to join with the court clerk in the making of the estimates in question to the board of county commissioners further than to say that the failure of the county attorney to join with the court clerk in the making of the estimates to the board of county commissioners as required by the provisions of section 9697, supra, did not invalidate the estimate made by the board of county commissioners to the excise board under the provisions of section 9695, C. O. S. 1921 [O. S. 1931, sec. 12674].

By the provisions of section 9698, supra, the excise board is required to examine the statements of estimated needs for current expense purposes for the current fiscal year made by the board of county commissioners and determine the items and amounts for which appropriations shall be made for such year. The excise board had before it the estimate for current expenses for the current fiscal year, and it was its duty to act upon that estimate even though the making of that estimate had not been preceded by the filing with the board of county commissioners of a proper report, as required by the provisions of section 9697, supra.

There is an extended discussion of many questions in the briefs filed in this case, and this court is asked to determine all of those questions. We do not deem it expedient to do so. This action is against the members of the excise board and not against the members' of the board of county commissioners.

Under the provisions of section 6, art. 2 of the Constitution, the courts of justice of the state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation, and, under the provisions of section 19, art. 2, of the Constitution, the right of trial by jury shall be and remain inviolate. The proposed action of the excise board is in contravention of those provisions, and if no appropriation is made for the items in question, the courts of the county may not remain open as the Constitution requires. For that reason the excise board was not authorized to strike the items in question or to refuse to make appropriations therefor. The record shows that the items and the amounts are reasonable, proper, and necessary to the conduct

of the government in accordance with those constitutional provisions. The record shows that items of the estimate approved by the excise board and for which appropriations were made by it include items which are not required for the performance of functions of the county government required by the Constitution to be performed, aggregating an amount in excess of the amount of the items in question. Appropriations for the items in question may be made by the elimination of those items or a reduction in the amounts thereof. The excise board is required, therefore, to appropriate for the items in question the amounts estimated by the board of county commissioners for those items, but the excise board is not required to appropriate for those items amounts in excess of the amounts shown by the estimate of needs of the board of county commissioners filed with the excise board.

We are asked to direct the excise board to strike certain items from the appropriations as made in order that appropriations for the items in question may be made. We decline to do so. However, we call the attention of the excise board to the fact that it has made an appropriation of $50 for furniture and office equipment, an appropriation of $20 for office supplies, blank books and printing. and an appropriation of $25 for postage, telephone, and telegraph for the county court. We cannot understand why appropriations for those items have been made in preference to appropriations for the items in question in this case. We have commented on the items of the appropriation for the county court for the reason that the county judge is one of the petitioners in this action. The duty to revise the estimate as made and to make appropriations that are required to be made within the aggregate amount available for appropriations is the duty of the excise board.

The alternative writ of mandamus is vacated. A writ of mandamus is ordered to issue, commanding the respondents to reconvene as the excise board of Marshall county. Okla., and to make an appropriation of $1.000 for fees of jurors and witnesses in the district court, an appropriation of $150 for fees of jurors and witnesses in the county court, and an appropriation of $20 for the jury commissioners, and to strike from the estimate of needs of the board of county commissioners filed with the excise board such items, or decrease such items, as are necessary to bring the total amount appropriated for the current expense of Marshall county for the current fiscal year within the amount available un-

der the legislative limitation on the rate of taxation of six mills, the items to be stricken or reduced to be those items not necessary for the performance of governmental functions required by the Constitution to be performed, such as furniture, office equipment, office supplies, janitor salary, elevator operator, janitor supplies, per diem expense of superintendent of public health, fees for registration of vital statistics, blank books and stationery for justice of the peace, etc.

Let the writ issue.

HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., dissents. LESTER, C. J., and RILEY, J., absent.