J.H. BIRD, Jack Henry Bird, and C.B. Greer, Appellants,

v.

Ron L. WILLIS, in his capacity as Director of the Oklahoma Alcoholic Beverage Laws Enforcement Commission and the Oklahoma Alcoholic Beverage Laws Enforcement Commission, Appellees.

No. 83390.

Supreme Court of Oklahoma.

Oct. 15, 1996.

J. Scott Dickman, Gregg L. Graves and Margaret A. Nunnery, Fuller, Graves & Dickman, Tulsa, for Appellants.

W. Kurt Morgan, Alcoholic Beverage Laws Enforcement Commission, Oklahoma City, for Appellee.

Joe M. Bohannon, Tulsa, for Intervenor.

SUMMERS, Justice:

A citizen alleging himself to be a parent and patron of a public school district wants to be heard in protest of a liquor license, allegedly issued to an address on the same city block as the school. We find no relief for the citizen in the licensing or administrative pro-

cedure statutes, nor do we find that he asserts the deprivation of any right protected by the Due Process Clause. However, we find nothing to prohibit him (and his fellow Protestants) from proceeding by way of mandamus in a district court if he can show proper standing.

Protestants J.H. Bird, Jack Henry Bird, C.B. Greer and Barbara Smith brought this action in the District Court, originally seeking mandamus to require the Alcoholic Beverage Laws Enforcement (ABLE) Commission to withdraw conditional approval of an application by Sara Bohannon for a license to operate a retail package store, and to afford them a hearing on their objection. They claimed that the proposed location on the license application was clearly prohibited by 37 O.S.Supp.1993 § 518.2, in that it was on the same city block and within 300 feet of Union Public High School. However, before there was any final action in the mandamus proceedings, the ABLE Commission granted the license. Claiming a denial of due process, Protestants amended their action to seek review of the decision of the Commission pursuant to 75 O.S.Supp.1993 § 318. License applicant Bohannon was allowed to intervene. The trial court dismissed, finding no requirement for a hearing before the Commission nor relief available by way of judicial review.

Protestants appealed and the Court of Appeals, Division IV, affirmed, holding that the proceedings which occurred before the ABLE Commission were in the nature of an "individual proceeding" as defined by the Oklahoma Administrative Procedures Act, which would have entitled the protestants to district court review. However, the appellate court went on to find that none of the Protestants showed the requisite standing to object to the granting of the license. We granted certiorari.

## I. Liquor License Protestants Are Not Statutorily Entitled To An Individual Proceeding

■ The ABLE Commission has adopted the OAPA.[1] Title 75 O.S.1992 § 314(A) states that "[e]xcept as otherwise specifically provided by law, the issuance or denial of a new license shall not require an individual proceeding." Section 250.3(7), amended in 1992, defines an "individual proceeding" as "the formal process employed by an agency having jurisdiction by law to resolve issues of law or fact between parties and which results in the exercise of discretion of a judicial nature." Section 318 provides that "any party aggrieved by a final agency order in an individual proceeding is entitled to certain, speedy, adequate and complete judicial review...." Thus, according to the statutes a final order of the ABLE Commission can be reviewed in court only when there was an individual proceeding resulting in a final order by which a party was aggrieved. And those protesting liquor licenses granted by the ABLE Commission are not statutorily entitled to an individual proceeding under the OAPA, according to Section 314(A), thus raising the question as to whether there can be any judicial review in this case.

Protestants urge that they are entitled to a hearing if required by statute or by another source of law. They assert that the statutes implicitly require that they be given a hearing since the statutes require that they be given notice. In the alternative, they urge a constitutionally protected interest in the well being, safety and health of themselves and their children. Relying on *DuLaney v. Oklahoma State Health Department,* 868 P.2d 676 (Okla.1994), they believe they are entitled to an opportunity to be heard.

## II. No Statute Requires The ABLE Commission To Give A Liquor License Protestant A Hearing

■ The ABLE Commission Rules provide for hearings in a variety of situations.

---

1. The Oklahoma Administrative Procedures Act appears at 75 O.S.1991 § 250 et seq. *See* ABLE Commission Rules and Regulations, OAC 45:1–3–5.

     OAC 45:1–3–5 reads:

     In addition to the rules of practice and procedures heretofore prescribed by the Legislature

in the Repeal Act and the rules now in effect promulgated by the Commission, there is hereby adopted by the Commission all provisions, procedures and rules of evidence, established in the Oklahoma Administrative Procedures Act, Section 250 et seq. Of Title 75 of the Oklahoma Statutes....

In fact, Rule 45:1–3–1 specifically states that the Commission may "not deny an applicant for a license, or any licensee, the right to a hearing before the Commission." Rule 45:1–3–2 defines the purpose of the Commission as regulating the liquor industry "whereby licenses are issued or denied, suspended or revoked, after notice and hearing. . . ." Rule 45:1–7–2 gives the Director of the ABLE Commission the authority to hold hearings.

Title 37 O.S.1991 § 501 et seq. governs the distribution and sale of alcohol. Section 516 provides that the city in which any applicant seeks to do business shall be given notice of the application, and within twenty days the city shall make a recommendation as to whether the application should be granted or denied. Section 528.1 (amended in 1994) provides that a city may initiate a complaint for a license revocation or suspension and that the city is entitled to a hearing in this matter.

Section 518.2 provides that a retail package store cannot be located within 300 feet of a church or a public school. It further states that "a license shall not be issued for a location on any city or town block where a school or church is located."

Section 527 provides that the ABLE Commission *shall* refuse to issue a license if one of the enumerated grounds is present. Section 530 provides "[a]ny person aggrieved by the action of the Alcoholic Beverage Laws Enforcement Commission in *denying* an application for an original license may . . . file with the ABLE Commission written request for a hearing, and the ABLE Commission shall, pursuant to such request, set a time and place for a hearing on a denial of an application. . . ." (Emphasis added) Thus, if an applicant is *denied* a license, he or she has a right to a hearing if requested. The granting of a hearing by the ABLE Commission is not discretionary once requested; the statute requires a hearing if requested.

Section 528 provides that the ABLE Commission may suspend or revoke a license. Upon the revocation or suspension of a license, the licensee is entitled to a hearing. *See* 37 O.S.1991, Section 528(D). Section 529 provides that the licensee or applicant must be given notice of the denial, suspension or revocation and told of the place and time of the hearing.

Section 547 provides a hearing to those licensees who are alleged to have failed to remit taxes. The hearing is again held by the ABLE Commission, and at that hearing, the ABLE Commission is given the power to determine whether taxes were paid for the alcohol, and if not, is permitted to confiscate the containers and forfeit them to the state.

In summary, the OAPA does not require hearing for licenses unless otherwise required by law. As shown above, our statutes require hearings in numerous liquor licensing situations. The statutes provide for hearings upon the request of an applicant when a license has been denied, revoked or suspended. Hearings are provided when a licensee has failed to remit taxes. The city or municipality in which the liquor store is located may file a recommendation, and may initiate a complaint for the revocation or suspension of a license.

If there is a hole in this statutory scheme it is exactly the one present in this case. *Nowhere is a citizen given the right to be heard on his or her objections to an application for a license to run a liquor store.* Nowhere is a church or a public school given the right to be so heard. Even in the situation where there is an obvious violation of state law (such as issuing a license for a store located on the same city block as a church or public school) no person nor entity is entitled to an "individual proceeding" under the OAPA. While Section 527 forbids ABLE from issuing a license if any of the enumerated grounds are present, there is no recourse under the OAPA if ABLE chooses to act in violation of this law. Although the ABLE Commission claims that a school, church or district attorney would be entitled to a hearing, there is no statute or written agency rule giving them that right. Unless some other remedy exists this leaves the ABLE Commission with unfettered discretion in the granting of a license.

▪ Furthermore, because citizens are not entitled by statute to an individual proceeding under the OAPA, they are not entitled to judicial review of the ABLE Commission's

actions in granting the license. Title 75 O.S. 1991 § 318 provides judicial review only in those situations in which there has been an final order resulting from an individual proceeding.

III. The Protestants Do Not Assert Deprivation Of A Right To Life, Liberty, Or Property So As To Be Protected Under The Due Process Clause Of Either The Federal Or State Constitution

As for whether a hearing is constitutionally required for Protestants, *DuLaney v. Oklahoma State Dept. of Health,* 868 P.2d 676 (Okla.1994) is cited by them. There, this Court reversed its prior position in *Stewart v. Rood,* 796 P.2d 321 (Okla.1990), and held that a landowner adjacent to a proposed landfill was entitled to notice and opportunity to be heard before the permit was granted, even though the statute did not require it. The Court held:

> The permit granted by the Department of Health ... may impair recognized and well defined *property rights* of the [protesting] mineral interest owner.

*Id.* at 681. (emphasis added) We went on to observe that the Due Process Clause of the state and federal Constitutions prevent the deprivation of certain rights—namely life, liberty and property—without constitutionally adequate procedures.

▮ In the present case, the rights alleged to be affected are the rights of Jack Henry Bird, who claims to be a parent of minor children in the school district. He also alleges that he is a patron of school facilities and activities. The right asserted is the right to allow his children to attend a school that is not inside the statutorily prohibited distance from a liquor store. The rights of the other Protestants are only alleged to be based on their status as residents, taxpayers and property owners in Tulsa, and their claim of standing appears, at best, tenuous. See *Adair County Excise Bd. v. Board of County Comm'rs., infra.* However, because no hearing was provided none of these allegations are developed in the record, and they are unsubstantiated.

The question becomes whether this alleged parent of young children has an interest

substantial enough to give rise to a constitutionally protected right to a hearing in a licensing proceeding. In *State v. Stewart,* 575 S.W.2d 904 (Mo.Ct.App.1978), a resident sought to contest a liquor license on that basis that his property values would be depreciated. The Missouri Court of Appeals held that this interest, without proof, was not sufficient to warrant an "aggrieved" status. *See also Woda v. City of Colorado Springs,* 40 Colo.App. 173, 570 P.2d 1318 (1977)(competitor status is not sufficient to give standing).

In *Applicants for Retail Package Liquor Licenses in Floyd County v. Gulley,* 674 S.W.2d 22 (Ky.Ct.App.1984), aggrieved citizens brought an action seeking review of the procedure used in granting liquor licenses. The court held that the because the "citizens alleged no violation of any private property rights" they did not have standing. *Id.* at 24. The court recognized that there may be instances when a citizen must be allowed to complain:

> It may be necessary in some instances for an aggrieved citizen, who is not an applicant or licensee, to be permitted to appeal from a Board order refusing or granting the revocation or suspension of a license. That person may be a neighbor to a bar which is rowdy, a hangout for ex-convicts, or he may feel as a neighbor that to grant the revocation or suspension is too harsh a penalty under the circumstances.

*Id.* at 24. But in the hypothetical situation Kentucky statutes permitted a citizen protest.

While we have found no cases directly on point, it has been recognized that in some instances, citizens should be heard before a liquor license is granted. *See Walker v. Board of County Comm'r,* 644 P.2d 772 (Wy.1982)(welfare of the people residing in the community was a relevant consideration under Wyoming laws and thus entitled citizens to a public hearing); *Kopff v. District of Columbia Alcoholic Beverage Control Bd.,* 381 A.2d 1372 (D.C.Ct.App.1978)(statute gives citizens the right to contest the granting of a license). However, none of these

cases have elevated the right to one of constitutional magnitude.

Although we believe it would be wise to permit a hearing in the situation such as this, we find no constitutionally protected interest alleged by Bird.[2] In *DuLaney* we held adjacent landowners had a property interest which was constitutionally protected. We find no property interest in the present case. Nor do we find that a liberty interest has been affected. *See Gulley,* at 24. Petitioners assert that recreational and aesthetic harm will occur due to the presence of the liquor store near the school. This assertion is speculative at best, and does not implicate a constitutionally protected right. *See BAM Historic District Ass'n v. Koch,* 723 F.2d 233 (2nd Cir.1983)(no liberty interest implicated in not having a shelter in the neighborhood).

**IV.** Mandamus Is Available To These Protestants Provided They Can Show Standing To Compel Compliance With The Liquor Licensing Statutes

◼ While neither the OAPA nor the Constitution gives protestants any recourse, our statutes dealing with writs do. Title 12 O.S. 1991 § 1451 states that a writ of mandamus may be issued by a district court to compel the performance of an "act which the law specially enjoins as a duty, resulting from an office, trust or station...." This writ can be issued against a state board or agency. *See, e.g., Maule v. Independent School District No. 9,* 714 P.2d 198 (Okla.1985); *Way v. Grand Lake Ass'n Inc.,* 635 P.2d 1010 (Okla. 1981); *Little v. Excise Bd. of Marshall County,* 161 Okla. 40, 16 P.2d 1080 (1932). It can be used to correct an official's abuse of discretion where the action is arbitrary. *Allen v. Board of Com'rs of Logan County,* 131 Okla. 41, 267 P. 860 (1928). It can also be used to review the act of a state or local official in denying a permit. *Mustang Fuel Corp. v. Board of County Comm'rs,* 527 P.2d 838 (Okla.1974).

◼ To have standing to bring such an action, an individual must have a particular interest of his own, independent of that interest which he may hold in common with other

people. *Adair County Excise Bd. v. Board of County Comm'rs,* 438 P.2d 484, 486 (Okla. 1968). In *Adair,* the county commissioners employed an individual to do bookkeeping. When the Excise Board refused payment of his salary, the Board of County Commissioners and the employee brought an action for mandamus. The Excise Board challenged the employee's standing. The Court held that an action for mandamus could be brought by the individual because he had a particular interest in seeing that his salary was paid. *See also Stubbs v. Excise Bd. of Muskogee County,* 173 Okla. 341, 49 P.2d 83 (1935). The petitioner must allege and prove a clear legal right on his part to the relief sought. *State ex rel. Hoard v. Ashley,* 171 Okla. 169, 42 P.2d 225, 226 (1935).

◼ Clearly, not every citizen has the standing to protest a license application. But we do not find, as argued by the ABLE Commission, that standing to protest licensing in possible violation of 37 O.S.Supp.1993 § 518.2, is strictly limited to schools, churches and the District Attorney. Therefore we conclude that such persons as parents of children residing within the school district whose children attend or likely will attend the school in the near and foreseeable future have standing to protest the granting of a license that potentially violates section 518.2.

### CONCLUSION

This case was commenced in mandamus against the ABLE Commission, but was converted by Protestants to an appeal of an administrative order. We find that there is no such appeal available by statute, that none is mandated by the Constitution, and thus affirm the trial court's order of dismissal.

However, we do so without prejudice to the right of Protestants to pursue their earlier remedy by seeking a writ of mandamus in a court of competent jurisdiction to require the ABLE Commission to follow the law. Whether Bird and other Protestants have standing to obtain such relief would be for that court to decide, should such a proceeding occur. See *Toxic Waste Impact Group v.*

---

**2.** We note that Bird does not allege a violation of

Equal Protection. We do not address that issue.

*Leavitt,* 890 P.2d 906 (Okla.1994), where we remanded for a factual resolution of a question on standing.

The opinion of the Court of Appeals is vacated. The order of dismissal by the District Court is affirmed, but without prejudice to further proceedings consistent with this opinion.

ALMA WILSON, C.J., and LAVENDER, HARGRAVE and WATT, JJ., concur.

KAUGER, V.C.J., and SIMMS, J., concur in part and dissent in part.

HODGES and OPALA, JJ., dissent.