2005 OK CIV APP 81

**CHEROKEE DATA COMPUTER PARTS AND SERVICE, INC.,** Plaintiff/Appellee,

v.

**OKLAHOMA DEPARTMENT OF LABOR,** Defendant/Appellant.

No. 101,181.

Court of Civil Appeals of Oklahoma, Division No. 1.

May 27, 2005.

Certiorari Denied Sept. 27, 2005.

C. Craig Cole, Michael W. Speck, Oklahoma City, OK, for Plaintiff/Appellee.

Kevin M. Abel, Teryl L. Williams, Oklahoma City, OK, for Defendant/Appellant.

## OPINION

Opinion by BAY MITCHELL, Judge.

¶1 At issue in this declaratory judgment action is the constitutionality of an Oklahoma Department of Labor (ODOL) administrative rule codified as Oklahoma Administrative Code (OAC) 380:30-3-6. By summary judgment, the trial court held the rule unconstitutional. For the reasons set forth below, we find no constitutional infirmity and reverse the trial court's judgment.

¶2 This case originates from an ODOL wage claim filed by third-party Ryan Kelley against Plaintiff/Appellee Cherokee Data Computer Parts and Service, Inc. (Cherokee). An ODOL labor compliance officer entered an Order of Determination in favor of Kelley for unpaid wages and liquidated damages totaling $24,783.50. Cherokee thereafter requested an administrative hearing to challenge the order before an ODOL Administrative Law Judge (ALJ).

¶3 Kelley filed no pre-hearing pleadings on his own behalf and was not represented by counsel at the hearing. When the ALJ called the hearing to order and directed Kelley to proceed, counsel for ODOL stood and began to speak. Cherokee's objection to ODOL's perceived representation of Kelley was overruled by the ALJ, who observed such procedure had been used for many years and commented ODOL was entitled to defend its Order of Determination. ODOL has consistently argued that its participation throughout these proceedings has been merely to defend the labor compliance officer's Order of Determination.

¶4 After the hearing was recessed on other grounds, Cherokee filed a petition for writ of prohibition with the Oklahoma County District Court. Specifically, Cherokee sought to prohibit ODOL from representing or assisting Kelley in the underlying wage claim hearing. *Cherokee Data Computer Parts and Serv., Inc. v. Oklahoma Dept. of Labor,* Oklahoma County District Court (No. CJ-2003-4553). Thereafter, in apparent response to Cherokee's petition, ODOL promulgated the following amended wage claim procedure rule:

380:30-3-6. Burdens of proof

(a) The Commissioner (or the Commissioner's designee sitting as an Administrative Law Judge) shall conduct wage claim hearings which shall be informal, with the object of dispensing speedy justice between the parties to assure a full and complete hearing on the merits.

(b) The Department is entitled (by this rule which has the force and effect of law) to participate in all hearings.

(c) Department's counsel, in defense of the earlier issued Order of Determination, shall proceed first at the hearing; thereafter, the Claimant may adduce additional evidence.

(d) At the conclusion of the presentation of evidence by Department's counsel and Claimant, the Commissioner (or the Com-

missioner's designee sitting as an Administrative Law Judge) may entertain a motion for judgment or dismissal (i.e., the equitable equivalent of a demurrer to the evidence) on the grounds that Department's counsel or Claimant, or both, have failed to meet the primary burden of proof in the wage claim hearing.

(e) The Department's right to appear and defend the Order of Determination is absolute; however, Department's counsel may waive appearance at the hearing solely at the discretion of Department's counsel. An election by the Department to waive appearance at the hearing does not preclude the Department's involvement in future litigation or any 75 O.S. 317, 318, or 319–323 proceedings.

(f) The Respondent [Employer] shall have the burden of proof for all affirmative defenses to the claim. Any legal offset by the Respondent, as defined herein, shall be treated as an affirmative defense to the claim.

(g) The Claimant and the Respondent shall have the right to offer in their behalf in accordance with Oklahoma Administrative Code 380:30–3–8 and the Commissioner (or Commissioner's designee sitting as an Administrative Law Judge) may call and question such witnesses and order the production of and admit into evidence such documents as deemed appropriate in the discretion of the Commissioner (or Commissioner's designee sitting as an Administrative Law Judge).

The amended rule took effect immediately upon the Governor's signature on October 8, 2003.[1]

¶ 5 The trial court, Honorable Noma Gurich, issued the requested writ prohibiting ODOL from representing or assisting Kelley in the wage claim proceeding, but noted its ruling would not impair ODOL from defending the Order of Determination in the administrative hearing. The trial court explicitly expressed no opinion regarding amended

OAC 380:30–3–6. The trial court's ruling was not appealed.

¶ 6 On February 4, 2004, Cherokee filed the instant action in District Court challenging the constitutionality of OAC 380:30–3–6. Both parties filed opposing motions for summary judgment. The trial court granted summary judgment for Cherokee, finding the rule unconstitutional in the following respects:

a. ... it fails to set forth the burden of proof a wage claimant must meet in order to establish his or her claims; and ... it fails to set forth the burden of proof a respondent ... must meet in order to establish any affirmative defense(s);

b. ... it fails to allocate a wage claimant's burden of proof solely to a wage claimant; [and]

c. ... it codifies and permits the Department of Labor's practice of active participation in wage claims on behalf of a party in conflict with Attorney General's Opinion, 1981 O.K. A.G. 29 (03/24/1981).

ODOL appeals from this judgment. The matter stands submitted without appellate briefs on the trial court record. *See* Rule 1.36, *Oklahoma Supreme Court Rules,* 12 O.S.2001, Ch. 15, App.

## I. Mootness Issue

¶ 7 We first address ODOL's argument that this case is moot because ODOL filed a waiver of its right to appear at the impending administrative hearing. *See* OAC 380:30–3–6(e). Because ODOL's counsel will not appear at the hearing, ODOL contends the constitutionality of the new rule is not currently ripe for review. We disagree. "Oklahoma recognizes two exceptions to the mootness doctrine: (1) when the appeal presents a question of broad public interest, and (2) when the challenged event is 'capable of repetition yet evading review.'" *Marquette v. Marquette,* 1984 OK CIV APP 25, ¶ 5, 686 P.2d 990, 992 (footnotes omitted). OAC 380:30–3–6 is a current ODOL rule which

1. Prior to its amendment, OAC 380:30–3–6 provided in its entirety:

The Claimant shall have the primary burden of proof in all Wage Claims. The Respondent

shall have the burden of proof for all affirmative defenses to the claim. Any legal offset by the Respondent, as defined herein, shall be treated as an affirmative defense to the claim.

sets forth procedures that have apparently been used for many years. We also note there is nothing in the rule to indicate a waiver is irrevocable. Because ODOL could simply choose to waive its right to appear at an administrative hearing anytime an opposing party challenged the rule in court, we find the second mootness exception applicable here. The issue is ripe for review.

## II. Validity of OAC 380:30-3-6

### A. Participation by ODOL in Administrative Hearings

■ ¶ 8 Initially at issue is the legitimacy of ODOL's active participation in wage claim administrative hearings. The Oklahoma Commissioner of Labor is statutorily charged with, *inter alia*, administering and enforcing the provisions of the Protection of Labor Act, 40 O.S.2001 § 165.1 *et seq.*, and the Oklahoma Minimum Wage Act, 40 O.S.2001 § 197.1 *et seq.* *See* also OAC 380-30-1-1. Both acts provide that all administrative proceedings undertaken by the Commissioner pursuant to the acts be governed by the applicable provisions of the Oklahoma Administrative Procedures Act (OAPA), 75 O.S. 2001 § 250 *et seq.* 40 O.S. §§ 165.7 and 197.12. *Accord* OAC 380:30-1-4.

¶ 9 An administrative hearing before an ALJ, referred to in the OAPA as an "individual proceeding," is defined as "the formal process employed by an agency having jurisdiction by law to resolve issues of law or fact between parties and which results in the exercise of discretion of a judicial nature." 75 O.S.2001 § 250.3(7). A "party" is defined as "a person or agency named and participating, or properly seeking and entitled by law to participate, in an individual proceeding." 75 O.S.2001 § 250.3(11). Because the Labor Commissioner is charged by statute with enforcing Oklahoma's labor laws, we hold the Commissioner and/or her designated repre-

sentatives are "entitled by law to participate" in individual wage claim proceedings before an ALJ. *See* also *Transwestern Publishing, L.L.C. v. Langdon,* 2004 OK CIV APP 21, 84 P.3d 804 (ODOL deemed a necessary party defendant in proceedings for judicial review of an ALJ final order). Thus, ODOL is entitled to participate as an advocate in this wage claim hearing, and the amended rule allowing such participation is valid.[2]

### B. Failure of Rule to Include Standard of Proof

■ ¶ 10 There are three possible standards of proof: (1) preponderance of the evidence; (2) clear-and-convincing evidence; and (3) evidence beyond a reasonable doubt. *Johnson v. Board of Governors of Registered Dentists of the State of Okla.,* 1996 OK 41, ¶ 17, 913 P.2d 1339, 1345, *citing Addington v. Texas,* 441 U.S. 418, 424, 99 S.Ct. 1804, 1808, 60 L.Ed.2d 323 (1979). "A preponderance of the evidence is generally the measurement used in private disputes." *Johnson* at ¶ 17, 913 P.2d at 1345. *See* also *Bender v. Clark,* 744 F.2d 1424, 1429 (10th Cir.1984) ("The traditional standard required in a civil or administrative proceeding is proof by a preponderance of the evidence").

¶ 11 The present case does not involve allegations of fraud, quasi-criminal wrongdoing or discipline of a licensed professional, all three of which require clear-and-convincing evidence, nor is it a criminal proceeding requiring proof beyond a reasonable doubt. *Johnson* at ¶¶ 17–18, 25–26, 913 P.2d at 1345–47. The interest at stake here is the "mere loss of money." *Id.* at ¶ 17, 913 P.2d at 1345, *quoting Addington,* 441 U.S. at 424, 99 S.Ct. at 1808. Therefore, the appropriate standard of proof under OAC 380:30-3-6 is a preponderance of the evidence.

¶ 12 We recognize this standard of proof is not found explicitly in any of the general

---

2. In *Oklahoma Att'y Gen. Op.,* 1981 OK A.G. 29, the Attorney General opined that a commissioner of the Oklahoma Employment Security Commission, acting in an unofficial capacity, may not represent individual parties in proceedings before the Commission's Board of Review. Among other things, the Attorney General noted that a commissioner cannot function as an advocate for an individual party before the Board of Review in a proceeding in which the Commission is a wholly separate party. In the present case, OAC 380:30-3-6 does not purport to authorize ODOL counsel representation of wage claimants. The rule simply sanctions ODOL's "right to appear and defend the Order of Determination ...." OAC 380:30-3-6(e). Accordingly, the Attorney General's Opinion is inapplicable.

**60**

statutes governing individual proceedings under the OAPA, nor is it found in any of the provisions of Title 40 which define the regulatory authority of ODOL and govern wage claims in this State. Notwithstanding, we find no constitutional infirmity. "[T]his particular standard of proof—a preponderance of the evidence—has been consistently applied in agency adjudications for many years." *In re Polk*, 90 N.J. 550, 449 A.2d 7, 12 (1982).

> Given the long history of the preponderance standard, together with the total lack of any indication in the language of the statute or in its legislative history of an intent to alter that standard, it is reasonable to infer that the Legislature was content to continue "the traditional preponderance-of-the-evidence standard" at the agency hearing level. *Steadman v. SEC*, 450 U.S. 91, 102, 101 S.Ct. 999, 1008, 67 L.Ed.2d 69, 79, *reh. den.* 451 U.S. 933, 101 S.Ct. 2008, 68 L.Ed.2d 318 (1981).

*In re Polk*, 449 A.2d at 12, n. 1.

¶ 13 In both *In re Polk* and *Steadman*, as here, the standard of proof was not precisely set forth in the respective statutes under consideration. Nevertheless, both Courts supplied the missing standards. *In re Polk*, 449 A.2d at 12; *Steadman*, 450 U.S. at 102, 101 S.Ct. at 1008. As the Tenth Circuit Court of Appeals reiterated, "It is well settled that where Congress has failed to establish the degree of proof required in an administrative proceeding, the judiciary is the traditional, and the most appropriate, forum to prescribe the standard." *Bender*, 744 F.2d at 1429, *citing inter alia Steadman*, 450 U.S. at 95, 101 S.Ct. at 1004. The standard of proof required under OAC 380:30-3-6 shall be a preponderance of the evidence for both claimant and respondent until changed by future rule or statute.

### C. "Shared" Standard of Proof

¶ 14 Cherokee asserts, and the trial court held, that OAC 380:30-3-6 is unconstitutional because it permits either ODOL or a claimant or both to meet the primary burden of proving a wage claim. For the reasons previously set forth, we find no error. ODOL is a "party" to the proceedings as defined by the OAPA. We see nothing inherently wrong with permitting ODOL and a wage claimant to share the burden of proving the correctness of a previously issued Order of Determination.

### D. ODOL's Joint Role as Both Advocate and Judge

¶ 15 Cherokee finally contends OAC 380:30-3-6 is unconstitutional because it permits ODOL to simultaneously take the role as both advocate and judge in an administrative hearing, thereby depriving respondents of "the cold neutrality of an impartial judge." *Johnson*, 1996 OK 41 at ¶ 32, 913 P.2d at 1347. We first note 75 O.S.2001 § 316 requires a hearing examiner or agency member to "withdraw from any individual proceeding in which he cannot accord a fair and impartial hearing or consideration."

> When circumstances and conditions surrounding litigation are of such a nature that they might cast doubt and question as to the impartiality of any judgment the trial judge may pronounce, said judge should certify his disqualification.
>
> * * *
>
> This rule applies equally to administrative boards acting in an adjudicatory capacity as it does to judges.

*Johnson* at ¶¶ 32–33, 913 P.2d at 1347–48 (quotation & citations omitted).

¶ 16 Notwithstanding this internal safeguard, the Oklahoma Supreme Court has stated:

> Within an administrative agency the merger of investigative and enforcement responsibility with that of adjudication is not forbidden as a violation of due process if in the broader institutional framework safeguards do exist against unchecked administrative discretion and its abuse. The union of these functions is constitutionally countenanced so long as provisions do exist for the legislature to change the agency's rules and the judiciary is free effectively to correct errors occurring in administrative adjudication.

*Tweedy v. Oklahoma Bar Ass'n*, 1981 OK 12, ¶ 5, 624 P.2d 1049, 1052–1053 (footnote omit-

ted). The Oklahoma Legislature is authorized to change state agency rules, OKLA. CONST. Art. 5, § 36, and our judiciary is empowered to correct errors occurring in administrative adjudication, OKLA. CONST. Art. 7, § 1 *et seq.*; 75 O.S.2001 § 318. Institutional safeguards exist to check ODOL's discretion.

¶ 17 On the basis of the foregoing, we hold OAC 380:30–3–6 is constitutional. Accordingly, the judgment of the trial court is reversed.

¶ 18 REVERSED.

ADAMS, P.J., and HANSEN, J. (sitting by designation), concur.