Dear Commissioner Fields:
This office has received your request for an Attorney General Opinion in which you ask, in effect, the following questions:
 1. May the Department of Labor obtain an award for legal fees for cases brought before the administrative law judges to prosecute unpaid wage claims?
 2. May the Department of Labor serve as the agent or representative of an employee or employees if designated by them to pursue unpaid wage claims on their behalf under 40 O.S. 2001, § 165.9[40-165.9]? If so, is such a designation automatic or is it discretionary on the part of the employee?
 3. When an administrative decision of the Department of Labor is appealed to the district court and an employee/claimant named in the appeal is represented by private counsel, may the Department of Labor, as a named party in the appeal, collect attorney fees and costs for its role in the appeal?
 4. May the Department of Labor obtain an award for legal fees for cases brought before the administrative law judges to enforce the workers' compensation coverage requirements of 85 O.S. 2001, §§ 63.1[85-63.1] and 63.2?
 I. MAY THE DEPARTMENT OF LABOR COLLECT LEGAL FEES FOR WAGE CLAIM ADMINISTRATIVE HEARINGS?
Pursuant to 40 O.S. 2001, § 165.7[40-165.7](A), the Commissioner of Labor is charged with enforcing and administering the provisions of the Protection of Labor Act ("Act"), 40 O.S. 2001 Supp.2007, §§ 165.1 ? 165.11. Included in the Act is the requirement for employers to pay wages to employees. 40 O.S. Supp.2007, § 165.2. If an employee's wages are not paid by the employer, an employee may bring a claim to the Commissioner of Labor, who then conducts an administrative proceeding to determine the validity of the claim and to enforce the collection of a valid claim for unpaid wages. 40 O.S. 2001, § 165.7[40-165.7](A). Alternatively, a claimant may bring a civil action against the employer for the unpaid wages. Id. §§ 165.7(G), 165.9(A).
The Commissioner of Labor is required to adopt administrative rules by which to conduct administrative hearings to determine the validity of a claim or to enforce collection thereof. Id. § 165.7(D). Section 165.7(D) also provides that "[a] hearing shall be held in accordance with the applicable provisions of the Administrative Procedures Act." The Commissioner of Labor has adopted such rules at OAC 380:30-5-1 —380:30-5-9.
Under the "American Rule," which has been adopted as law in Oklahoma, each party is responsible for his or her own attorney's fees absent a specific statutory or contractual provision granting the prevailing party a right to receive the amount of his or her attorney's fees from the adversary. Hall v. Cole, 412 U.S. 1, 4-5 (1973); Whitehorse v. Johnson,156 P.3d 41, 47 (Okla. 2007). We are aware of no exception for proceedings before an administrative law judge or administrative tribunal. There are no statutory provisions for attorney fees to be awarded to the Department of Labor's attorneys to prosecute a wage claim.
A specific provision in 12 O.S. 2001, § 941[12-941](B) allows a Department of Labor administrative hearing officer to assess attorney fees against a wage complainant if the administrative hearing officer (or a court) finds the complaint is without reasonable basis or is frivolous. No similar statute exists to allow an assessment of attorney fees to the Department of Labor. Section 941 in pertinent part states:
 B. The respondent in any proceeding brought before any state administrative tribunal by any state agency, board, commission, department, authority or bureau authorized to make rules or formulate orders shall be entitled to recover against such state entity court costs, witness fees and reasonable attorney fees if the tribunal or a court of proper jurisdiction determines that the proceeding was brought without reasonable basis or is frivolous; provided, however, if the tribunal is required by law to act upon complaints and determines that the complaint had no reasonable basis or is frivolous, the tribunal may assess the respondent's costs, witness fees and reasonable attorney fees against the complainant. This subsection shall apply to any proceeding before any state administrative tribunal commenced on or after November 1, 1987.
Id.
While there is no specific statutory allowance for attorney's fees to be awarded to the Department of Labor at the administrative hearing to enforce a wage claim, the Legislature did speak regarding attorney's fees in an appeal from the administrative hearing order, under limited circumstances. The Administrative Procedures Act, 75 O.S. 2001, § 318[75-318], provides for judicial review of final agency orders, which includes the Commissioner of Labor's orders. Specifically, Section 318(D) allows for attorney's fees to be awarded as set out below:
D. In any proceedings for review brought by a party aggrieved by a final agency order:
 1. The agency whose final agency order was made subject to review may be entitled to recover against such aggrieved party any court costs, witness fees and reasonable attorney fees if the court determines that the proceeding brought by the party is frivolous or was brought to delay the effect of said final agency order.
Id.
While the Department of Labor is a necessary party in appeals brought under Section 318, it appears at district court only to defend its administrative decision, not to represent wage claimants. See CherokeeData Computer Parts Serv., Inc., v. Okla. Dep't of Labor, 122 P.3d 56,59 n. 2 (Okla.Civ.App. 2005) (citing OAC 380:30-3-6); TranswesternPubl'g, L.L.C., v. Langdon, 84 P.3d 804, 806 (Okla.Civ.App. 2004).
Therefore, if under these limited circumstances the appellant's appeal from the administrative hearing is found to be frivolous or a delay tactic, the court may award attorney's fees to the Department of Labor's attorneys. Only the Legislature has the power to allow attorney fees to be awarded to the Department of Labor under other circumstances. II. MAY THE DEPARTMENT OF LABOR REPRESENT WAGE CLAIMANTS IN COURT?
In addition to the option of a claimant of unpaid wages bringing his or her claim before the Commissioner of Labor in an administrativehearing as stated in 40 O.S. 2001, § 165.7[4-165.7], the claimant may bring an action in "any court of competent jurisdiction." Id.
§ 165.9(A). The claimant "may designate an agent or representative to maintain such action for and on behalf of all employees similarly situated." Id. While 40 O.S. 2001, § 165.7[40-165.7] charges the Commissioner of Labor with determining the validity and enforcing collection of a wage claim, such authority is limited, and does not extend to matters beyond the powers, authority and duties conferred upon the Commissioner of Labor by law. None of the statutes in the Act requires or authorizes the Department of Labor to represent a private citizen in court. While the statute plainly states that the "employee or employees may designate an agent or representative to maintain such action," (id. § 165.9(A)) there is no statute allowing the Department of Labor's attorneys to be that representative. In Marleyv. Cannon, 618 P.2d 401, 405 (Okla. 1980), the Oklahoma Supreme Court stated, "[A]n agency created by statute may only exercise the powers granted by statute and cannot expand those powers by its own authority." Here, there is no requisite statutory power granted to allow the Department of Labor to represent individuals in district court.
 III. IF THE WAGE CLAIMANT RETAINS PRIVATE REPRESENTATION, IS THE DEPARTMENT OF LABOR ENTITLED TO LEGAL FEES?
If an employee chooses to be represented by private counsel in his or her claim for unpaid wages in the administrative appeal, the Department of Labor may collect attorney's fees and costs for its role in the appeal under the limited circumstances set out in 75 O.S. 2001, § 318[75-318](D), if the court determines that the proceeding brought by the employer is frivolous or was brought to delay the effect of the Department of Labor's final agency order.
Alternatively, 40 O.S. 2001, § 165.9[40-165.9] provides for an employee to file a civil action for unpaid wages as follows:
 A. Action by an employee to recover unpaid wages and liquidated damages may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and on behalf of all employees similarly situated for such wages. Any employee, or his representative, shall have the power to settle and adjust his claim for unpaid wages.
 B. The court in any action brought under this section may, in addition to any judgment awarded to the plaintiff or plaintiffs, defendant or defendants, allow costs of the action, including costs or fees of any nature, and reasonable attorney's fees.
Id.
There is no provision of law for the Department of Labor to bring such an action at court to enforce a wage claim. Title 40 O.S. 2001, § 165.9[40-165.9] contemplates attorney fees only for a successful employee or employer.
 IV. MAY THE DEPARTMENT OF LABOR COLLECT LEGAL FEES FOR WORKERS' COMPENSATION COVERAGE ADMINISTRATIVE HEARINGS"
The Commissioner of Labor is charged with assessing a civil penalty to employers who do not secure workers' compensation insurance. 85 O.S. 2001, § 63.1[85-63.1](A). To determine whether a civil fine should be assessed, an administrative hearing is to be conducted by an officer designated by the Commissioner of Labor. Id. § 63.2(A). These hearings are to be conducted in accordance with the Administrative Procedures Act. Id. § 63.2(B). There is no statutory provision allowing the Department of Labor to collect legal fees except in limited circumstances on appeal. See 75 O.S. 2001, § 318[75-318](D). Therefore, the Department of Labor may not collect attorney's fees for cases brought before an administrative law judge to enforce the workers' compensation insurance coverage requirements of 85 O.S. 2001, §§ 63.1[85-63.1] and 63.2.
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. There is no statutory provision for the Department of Labor to obtain legal fees for cases brought before an administrative law judge to prosecute unpaid wage claims. However, in limited circumstances the Department of Labor may collect attorney fees on appeal as set out in 75 O.S. 2001, § 318[75-318](D), if a court finds that an appeal is brought to delay the final order or is frivolous.
 2. There is no statutory provision for the Department of Labor to serve as the agent or representative of an employee seeking unpaid wages. See Marley v. Cannon, 618 P.2d 401, 405 (Okla. 1980).
 3. There is no statutory provision for the Department of Labor to collect attorney fees except as limited to administrative appeals to district court as set out in 75 O.S. 2001, § 318[75-318](D).
 4. There is no statutory provision for the Department of Labor to obtain legal fees for cases brought before an administrative law judge to enforce workers' compensation coverage requirements, except under the limited circumstances in 75 O.S. 2001, § 318[75-318](D). 
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
CLAUDIA CONNER ASSISTANT ATTORNEY GENERAL