2010 OK CIV APP 68

**Jeanne FRENCH, Plaintiff/Appellant,**

v.

**STATE of Oklahoma ex rel. OKLAHOMA DEPARTMENT OF CORRECTIONS and Oklahoma Merit Protection Commission, Defendants/Appellees.**

**No. 106,210.**

Court of Civil Appeals of Oklahoma, Division No. 2.

June 10, 2010.

Daniel J. Gamino, Daniel J. Gamino & Associates, P.C., Oklahoma City, OK, for Plaintiff/Appellant.

Gary L. Elliott, Department of Corrections, Oklahoma City, OK, for Defendant/Appellee Oklahoma Department of Corrections.

JOHN F. FISCHER, Presiding Judge.

¶ 1 Petitioner/Appellant Jeanne French appeals a decision of the district court of Coal County. The district court dismissed French's petition seeking judicial review of a Merit Protection Commission (MPC) decision on the grounds that the district court lacked jurisdiction to hear her appeal, pursuant to 75 O.S.2001 § 318. The decision of the district court is affirmed.

## BACKGROUND

¶ 2 French was a classified employee of the Department of Corrections (DOC). On May 25, 2007, after an investigation of allegations that she mailed prohibited items to an inmate at the Oklahoma State Penitentiary, French received a notice informing her that she had been discharged from her employment. French consulted counsel, who, on June 12, 2007, mailed a petition for appeal of her dismissal to the MPC, pursuant to 74 O.S. Supp.2005 § 840–6.5(C). The record indicates that French's counsel did not attach sufficient postage to the petition, and it was not delivered to the MPC. The petition was eventually returned to French's counsel, after the 20–day statutory period for French to file her appeal had expired. French's counsel wrote to the MPC requesting a waiver allowing French to file an appeal out of time, but did not receive a favorable response. The record reflects that, in November 2007, French's counsel returned her retainer and informed her there was nothing further he could do. French then engaged her current counsel.

¶ 3 On January 18, 2008, French filed her appeal with the MPC, and an "emergency application to extend filing date." French argued that the MPC Executive Director had discretion to extend the 20–day filing period, and further argued that her petition was deemed filed on June 12, 2007, pursuant to the "mailbox rule" of 12 O.S. Supp.2002 § 990A(B).

¶ 4 On February 1, 2008, an MPC analyst issued an investigative report recommending dismissal of French's petition on jurisdictional grounds, because her petition was filed 238 days after receiving notice of termination. French responded to the investigative report, repeating her previous arguments of executive discretion and effective filing. On February 29, the Executive Director ordered

dismissal of French's appeal, finding that: (1) it was not received by the MPC within 20 days of notice of termination; (2) the 20-day requirement was mandatory and could not be extended; and (3) the mailbox rule did not apply to petitions returned for insufficient postage.

¶ 5 On March 7, 2008, French filed a petition for "reopening, re-hearing or reconsideration" with the MPC, repeating her prior arguments. On April 4, 2008, the MPC, sitting en banc, issued a "final petition decision" denying French's petition for reconsideration. On April 30, 2008, French filed a petition pursuant to 75 O.S.2001 § 318 in the district court seeking judicial review of the decisions rendered by the Executive Director and MPC. DOC filed a motion to dismiss arguing that, because judicial review pursuant to section 318 is limited to the review of "individual proceedings" and because French's petition had been dismissed, there had been no individual proceeding in French's case. The district court dismissed French's petition finding that it lacked jurisdiction.

### STANDARD OF REVIEW

¶ 6 The granting of a motion to dismiss presents an issue of law requiring de novo review, that is, a plenary, independent, and non-deferential re-examination of the trial court's legal rulings. *Neil Acquisition, L.L.C. v. Wingrod Inv. Corp.*, 1996 OK 125 n. 1, 932 P.2d 1100, 1103 n. 1. Here, the issue raised in DOC's motion to dismiss was whether the district court had jurisdiction to hear French's appeal. This issue presents a question of law, which we also review de novo. *Klopfenstein v. Oklahoma Dept. of Human Serv.*, 2008 OK CIV APP 16, ¶ 8, 177 P.3d 594, 596, citing *Jackson v. Jackson*, 2002 OK 25, ¶ 2, 45 P.3d 418.

### ANALYSIS

¶ 7 French was employed by the DOC in the "classified service," 74 O.S. Supp.2002 § 840-5.11(A), and she was, therefore, subject to the jurisdiction of the Oklahoma Merit System of Personnel Administration. 74 O.S. Supp.2002 § 840-1.3(6). A State agency may discharge a classified employee for "mis-conduct, insubordination, inefficiency ... or any other just cause." 74 O.S. Supp.2005 § 840-6.5(C). An employee may appeal the agency's decision to the MPC. *Id.* Section 840-6.5(C) provides, in part, that:

> Within twenty (20) calendar days after receiving the written notification provided for in this section, the employee may file a written request for appeal with the Oklahoma Merit Protection Commission. The Executive Director shall determine if the jurisdictional requirements provided for in this section have been met. If the jurisdictional requirements are not met, the Executive Director shall notify both the employee and the agency within five (5) calendar days after the receipt of a written appeal request. Such notice shall specifically describe the requirements that were not met. . . .

The dispositive facts in this case are not disputed. French's petition was placed in a mailbox within twenty calendar days of her receipt of notice of termination, but was not physically received by the MPC until 238 days after such notice.

### I. The DOC's Motion to Dismiss

¶ 8 The Administrative Procedures Act (APA), 75 O.S.2001 §§ 250–327, authorizes judicial review of MPC decisions made pursuant to section 840–6.5(C).

> A. 1. Any party aggrieved by a final agency order in an individual proceeding is entitled to certain, speedy, adequate and complete judicial review thereof pursuant to the provisions of this section and Sections 319, 320, 321, 322 and 323 of this title.

75 O.S.2001 § 318. The DOC based its jurisdictional argument on its contention that no "individual proceeding" was conducted in French's case. The APA defines an individual proceeding as "the formal process employed by an agency having jurisdiction by law to resolve issues of law or fact between parties and which results in the exercise of discretion of a judicial nature." 75 O.S.2001 § 250.3(7). *See also State ex rel. Dep't of Transp. v. Little*, 2004 OK 74, n. 23, 100 P.3d 707, 714 n. 23; *Cherokee Data Computer Parts and Serv., Inc. v. Oklahoma Dep't of*

*Labor*, 2005 OK CIV APP 81, ¶ 9, 122 P.3d 56, 59.

¶ 9 The DOC relies on *Stewart v. Rood*, 1990 OK 69, ¶ 12, 796 P.2d 321, 327, arguing that a proceeding only becomes "individualized" after trial-type proceedings identified in sections 309–317 of the APA have occurred.

> We believe the process referred to in the definition for individual proceeding in the [APA] is spelled out at §§ 309–317 of that Act and these sections, by their terms, afford opportunity for a trial-type proceeding.
>
> . . . .
>
> In that § 318 only allows judicial review of final orders (including permits) in an individual proceeding we believe the Legislature intended such judicial review under the [APA] only when an opportunity is afforded for the trial-type proceedings spelled out in the [APA].

*Id.* at ¶ 17, 796 P.2d at 328. *Stewart* held that, because the procedures of sections 309–317 were not required when the Department of Health decided to issue or deny a solid waste facility permit, the resulting permit decision did not result from an individual proceeding.[1] Other cases draw the same distinction-a proceeding is "individual" if the subject matter entitles the participants to the procedures specified in sections 309–317.[2]

¶ 10 The DOC's focus on whether the section 309 and 310 procedures occur in any given case is misplaced. The status of "individual proceeding" results if the subject matter of the proceeding grants a right to the section 309–317 procedures. It is not dependent on how many of those procedures are actually utilized. French's case was an "adverse action appeal" filed pursuant to Oklahoma Administrative Code tit. 455, ch. 10, § 3–1.1(OAC). Such proceedings are subject to the procedures identified in sections 309–317, and "individual" for the purposes of judicial review pursuant to section 318.[3] Consequently, the MPC's refusal to hear French's appeal meets the statutory definition of an individual proceeding, and the district court had jurisdiction to hear French's petition for judicial review. The DOC's motion to dismiss on jurisdictional grounds should have been denied.

## II. French's Petition for Review

¶ 11 Although the district court apparently dismissed French's petition based on the DOC's jurisdictional argument, dismissal in the district court would still be warranted if the MPC correctly found it lacked jurisdiction to decide the merits of French's appeal.

### A. The Mailbox Rule

¶ 12 French argues, citing 12 O.S. Supp.2002 § 990A(B)[4], that the MPC had jurisdiction to consider the merits of her claim because her petition was placed in the mail before the 20–day filing period stated in section 840–6.5(C) expired, and was deemed filed on the date of mailing pursuant to the "mailbox rule." *Horvat v. State ex rel. Dep't of Corrections*, 2004 OK CIV APP 59, ¶ 14,

---

1. The specific holding in *Stewart* is no longer controlling because subsequent statutory changes created a right to an individual proceeding in those circumstances. *See DuLaney v. Oklahoma State Dep't of Health*, 1993 OK 113, ¶ 12, 868 P.2d 676, 682.

2. See *Bird v. Willis*, 1996 OK 116, ¶ 14, 927 P.2d 547, 550–51 (holding that because citizens protesting the award of a liquor license are not entitled by statute to an individual proceeding under the OAPA, they are not entitled to judicial review of the ABLE Commission's actions in granting the license pursuant to section 318); *Sharp v. 251st Street Landfill, Inc.*, 1991 OK 41, ¶ 6, 810 P.2d 1270, 1273 (holding that judicial review under section 318 is available when the Legislature intended individual proceedings to be conducted in a given decision).

3. This conclusion is consistent with our holding in *Simington v. Oklahoma Dept. of Rehab. Serv.*, No. 106,820 (Okla.Civ.App., filed June 10, 2010).

4. "The filing of the petition in error may be accomplished either by delivery or mailing by certified or first-class mail, postage prepaid, to the Clerk of the Supreme Court. The date of filing or the date of mailing, as shown by the postmark affixed by the post office or other proof from the post office of the date of mailing, shall constitute the date of filing of the petition in error. If there is no proof from the post office of the date of mailing, the date of receipt by the Clerk of the Supreme Court shall constitute the date of filing of the petition in error."

95 P.3d 190, 193 (approved for publication by the Oklahoma Supreme Court), holds that the section 990A mailbox rule applies to appeals to the MPC. However, *Eagle Life Insurance Company, Inc. v. Rush*, 1992 OK 78, ¶ 4, 832 P.2d 1224, 1224, found that the section 990A(B) requirement of "mailing by certified or first-class mail, *postage prepaid*" extends the benefit of the mailbox rule only to petitions mailed with sufficient postage. Because French's petition was not mailed with sufficient postage, she cannot rely on section 990A(B).[5]

### B. Discretion of the Executive Director

¶ 13 French further argues that the Executive Director has discretion to extend the 20–day filing deadline stated in 74 O.S. Supp. 2005 § 840–6.5(C). French relies on OAC tit. 455, ch. 10, §§ 3–2(a) and 3–1.1(1) to support this contention. However, neither section of the OAC provides that discretion.

### 1. Section 3–1.1(1)

¶ 14 Although section 3–1.1(1) of the OAC states that the Executive Director may extend the 20–day filing deadline "for other good cause shown," section 3–1.1(1) applies only to "alleged violation appeals." An alleged violation appeal involves:

promotional issues, pay movement mechanisms or compensation issues, discipline issues (*except discharge*, suspension without pay and involuntary demotion), leave issues and the employee service rating system issues.... (Emphasis added).

5. The MPC has its own administrative rule stating that a petition is considered filed either on the day it is postmarked, or the day it is delivered. OAC tit. 455, ch.10, § 3–2(b). However, this rule was not in force at the time French's petition was mailed. Further, the postmark on French's petition is dated July 2, 2007, approximately fifteen days after the deadline for French to file her MPC appeal. Therefore, even if applied retroactively, this rule does not save French's petition.

6. The code section states as follows:
455:10–3–1.1. Time
    Time is jurisdictional.
    (1) Alleged violation appeal. Unless otherwise provided for by statute or the rules in this chapter, an alleged violation appeal shall be filed

OAC tit. 455, ch. 10, § 3–3. This definition of an alleged violation appeal specifically excludes discharge, the reason for French's termination. An appeal of a decision to "discharge, suspend without pay or involuntary demote" an employee is an "adverse action appeal" as defined in section 3–1.1(2). Consequently, section 3–1.1(2), not section 3–1.1(1), governs French's appeal. Section 3–1.1(2) provides that adverse action appeals "*shall* be filed within 20 calendar days after receipt of the written notice of the action...." Contrary to the discretion allowed by section 3–1.1(1), the section applicable to French's appeal provides "[t]his is a statutory time limit and may not be extended."[6]

### 2. Section 3–2(a)

¶ 15 French next argues that section 3–2(a) grants the Executive Director discretion to determine that an appeal meets the MPC jurisdictional requirements provided it was filed less than one year after the triggering event. Section 3–2(a) states:

It is solely the authority of the Commissioners and Executive Director to determine whether or not matters being appealed are subject to the jurisdiction of the Commission. No request for appeal shall be accepted more than 12 months after the event causing the appeal, unless otherwise provided for by any statute.

French argues that the Executive Director retains this discretion even if the appeal is an "adverse action appeal" subject to the 20–day filing deadline of section 3–1.1(2). The MPC rejected French's interpretation of section 3–2(a).

within 20 calendar days after the alleged violation occurs. The Executive Director may extend this time limit if the appellant demonstrates that he or she filed within 20 calendar days after becoming aware of, or with due diligence, should have become aware of the alleged violation, or for other good cause shown. For information on filing an appeal after a formal grievance see OAC 455:10–19–46.
(2) Adverse action appeal. An appeal of a permanent classified employee appealing a discharge, suspension without pay or involuntary demotion shall be filed within 20 calendar days after receipt of the written notice of the action imposed, by certified mail or personal service. This is a statutory time limit and may not be extended. [74:840–6.5(C) ].

¶ 16 An agency's interpretation of its rules is controlling unless the interpretation is plainly erroneous, in conflict with constitutional or statutory law, or extends the agency's power beyond that granted by the enabling statute. *Estes v. ConocoPhillips Co.,* 2008 OK 21, ¶ 12, 184 P.3d 518, 524; *Heiman v. Atlantic Richfield Co.,* 1995 OK 19, n. 2, 891 P.2d 1252, 1256 n. 2.

¶ 17 Further, although we deal here with provisions of the Administrative Code, "administrative rules are valid expressions of lawmaking powers having the force and effect of law." *Estes* at ¶ 10, 184 P.3d at 523. Two principles of statutory construction support the MPC's interpretation of section 3–2(a). First:

> The determination of legislative intent controls statutory interpretation. The intent is ascertained from the whole act based on its general purpose and objective. In construing statutes, relevant provisions must be considered together whenever possible to give full force and effect to each.

*Oklahoma Ass'n for Equitable Taxation v. City of Oklahoma City,* 1995 OK 62, ¶ 5, 901 P.2d 800, 803 (citations omitted). Second, "[T]he general rule is that nothing may be read into a statute which was not within the manifest intention of the legislature as gathered from the language of the act." *Stemmons, Inc. v. Universal C.I.T. Credit Corp.,* 1956 OK 221, ¶ 19, 301 P.2d 212, 216. Section 3–1.1(2) cannot be given full force and effect if the discretion granted in section 3–2(a) is imposed on the time limit required by section 3–1–1(2). Further, to interpret section 3–2(a) as authorizing the Executive Director to extend the time limit specified in section 3–1.1(2) would read into that statute language the Legislature did not see fit to include. This we will not do. Section 3–2(a) does not grant the Executive Director discretion to extend the 20–day filing requirement specified in section 3–1.1(2) for adverse action appeals.

## CONCLUSION

¶ 18 The MPC's decision to dismiss French's appeal for lack of jurisdiction because her petition for review was not timely filed was made in an individual proceeding as defined by 75 O.S.2001 § 250.3(7). Consequently, that decision was subject to review by the district court pursuant to 75 O.S.2001 § 318. However, the district court's refusal to review the MPC decision does not constitute reversible error. "It is well settled that a correct judgment will not be disturbed on review, even when the trial court applied an incorrect theory or reasoning in arriving at its conclusion; an unsuccessful party cannot complain of trial court's error when it would not have been entitled to succeed anyway." *Harvey v. City of Oklahoma City,* 2005 OK 20, ¶ 12, 111 P.3d 239, 243. The MPC was correct in its determination that it had no jurisdiction to consider the merits of French's adverse action appeal, because it was filed outside the 20–day statutory period. Therefore, the district court did not err in dismissing French's Petition for Review, and that Order is affirmed.

¶ 19 **AFFIRMED.**

WISEMAN, C.J., and BARNES, J., concur.