**STATE of Oklahoma, ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Frank MISKOVSKY, III, Respondent.**

**SCBD No. 3571.**

Supreme Court of Oklahoma.

June 27, 1991.

an attempt by respondent to comply with Rule 11.8 of the Rules Governing Disciplinary Proceedings, 5 O.S.Supp.1989, Ch. 1, App. 1–A, so that he may resume the practice of law after serving a three month suspension imposed in *State ex rel., Oklahoma Bar Association v. Miskovsky*, 804 P.2d 434 (Okl.1990). Complainant has responded to the submissions and asks us to enter an order to the effect respondent remains suspended pursuant to Rule 6.16 of the Rules Governing Disciplinary Proceedings, 5 O.S.1981, Ch. 1, App. 1–A, for failure to pay the costs of this disciplinary proceeding in a timely manner and to rule the Affidavit of Respondent does not comply with Rule 11.8 and, thus, respondent is not authorized to resume the practice of law.

An opinion in a Rule 6 disciplinary matter issued on October 30, 1990 in *State ex rel., Oklahoma Bar Association v. Miskovsky, supra*, suspended respondent for a period of three months and publicly reprimanded him. In the opinion respondent was ordered to pay the costs of the disciplinary proceedings *within 30 days of the date the opinion became final.* An Application to Assess Costs in the amount of $2,169.31 had previously been filed by complainant on March 19, 1990. Respondent did not respond to the Application nor did he object to the amount of the costs or his liability to pay them prior to our October 30, 1990 opinion. The suspension became *final and effective* on February 11, 1991, the date rehearing was denied. Respondent did not question anything in regard to costs in his rehearing submissions. On February 25, 1991 respondent was *specifically* informed of the effective date of suspension by Order of the same date. On March 8, 1991 respondent requested an extension of time to pay the costs, wherein he assumed the costs he owed were those set forth in the March 19, 1990, Application to Assess Costs of complainant. The motion for extension of time was denied on March 19, 1991.

■ Respondent now essentially contends in his Motion for Direction he does not know the amount of costs he should

### ORDER

On May 31, 1991 respondent filed a Motion for Direction and an Affidavit of Respondent. The Motion for Direction essentially requests us to inform respondent of the amount he owes as costs in this matter and to set a time certain for payment of these costs. The Affidavit of Respondent, although not citing any rule, appears to be

pay or when he should pay them. He supports his position by the following arguments. The Professional Responsibility Tribunal (PRT) did not recommend one way or the other in its December 14, 1989 Report of PRT whether costs should be assessed against him as required by Rule 6.13 of the Rules Governing Disciplinary Proceedings, 5 O.S.1981, Ch. 1, App. 1–A. Secondly he asserts, we have never specifically ruled on complainant's March 19, 1990, Application to Assess Costs.

The first argument of respondent has been waived by respondent's failure to raise the matter previously *and*, in fact, until *after* the date for payment of costs had expired. The second argument of respondent is frivolous, as we will explain.

■ This Court ruled on the complainant's Application to Assess Costs in the October 30, 1990 opinion when we ordered respondent to pay the costs of the disciplinary proceeding within 30 days of the opinion's finality. 804 P.2d at 440. Obviously, the costs referred to were the only costs which had been presented to the Court. In that the opinion became final on February 11, 1991 (rehearing denial) respondent had 30 days to pay the costs. He did not. He further failed to pay the costs after his March 8, 1991 motion for extension of time to pay the costs was denied on March 19, 1991, nor have the costs been paid to this day.

Rule 6.16 provides a lawyer who fails to pay costs within 90 days after the effective date of an order requiring payment shall automatically be suspended until further order of the Court. Giving respondent the benefit of the doubt under Rule 6.16 concerning payment of costs, he had until Monday, May 13, 1991 (91 days from rehearing denial date) to pay the costs before an automatic suspension would take effect, even though our opinion had required payment within 30 days. He has, thus, been automatically suspended since May 13th for failure to pay costs.

■ Respondent's three month suspension expired on Sunday, May 12, 1991 because rehearing was denied on February 11, 1991. After expiration of a suspension of two years or less Rule 11.8 provides a lawyer may resume the practice of law without an order of this Court, provided the lawyer files with the Clerk of this Court an affidavit which affirms certain matters. The Rule provides in pertinent part that before practice may be resumed "[A]n affidavit affirming that [he] has not engaged in the unauthorized practice of law or otherwise violated the rules of the Association or the terms of the affiant's order of suspension," must be filed. The Affidavit of Respondent has not affirmed he has complied with any of these three requirements. Instead, the affidavit is a fuzzy, ambiguous and wishy-washy document in regard to the required affirmations. Thus, the affidavit is deficient under Rule 11.8 to allow resumption of the practice of law.

The affidavit is deficient for the following reasons. First, respondent *has not* affirmed he has not violated the terms of the order of suspension. Not only has he not so affirmed, *he has* violated the terms of the order of suspension by his failure to pay costs. Furthermore, as we view the affidavit it merely says *he has tried or sought* to abide by the terms of his suspension. Trying to or seeking to abide by the terms of his suspension does not actually affirm respondent conducted himself during the term of his suspension as if he really was suspended from the practice of law, i.e. that he has not violated the terms of the suspension by practicing law. We say this even though we *do not* rely for our view on the part of the affidavit where respondent says he tried a case in Woodward County on February 14, 1991 prior to the time he got notice of the February 11, 1991 rehearing denial. In other words, we are not holding the Woodward situation against him.

Secondly, never does respondent affirm he did not engage in the unauthorized practice of law during his suspension. The affidavit, in fact, would lead one to believe he did because beginning on page 1 and continuing on page 2 respondent "affirms" merely *he tried* after February 11th to make other arrangements concerning rep-

resentation of his clients *and* filed a request with us to allow him to complete certain criminal cases he had on trial dockets. He then goes on to say that only when that request was denied did he inform various judges and clients that he could not represent the clients. At best the affidavit in such regard is ambiguous as to whether respondent did or did not engage in the unauthorized practice of law. After denial of rehearing he had to immediately discontinue the practice of law once he got notice rehearing was denied. In any event, the affidavit does not affirm he has not engaged in the unauthorized practice of law during the term of his suspension.

Finally, the affidavit nowhere affirms he has not violated the rules of the Association during his suspension. Nothing *at all* is contained in the affidavit to such effect. Therefore, the Affidavit of Respondent is insufficient to allow respondent to resume the practice of law.

We finally note we realize subsequent discipline may be imposed pursuant to Rule 11.8 if the General Counsel of the Oklahoma Bar Association brings disciplinary proceedings within 60 days of the filing of the affidavit for material deletions or misrepresentations therein or if the lawyer actually did engage in the unauthorized practice of law during his suspension. The purpose of our order here in regard to the Affidavit of Respondent *is not* to impose such additional discipline, but merely to inform respondent the affidavit does not *in the first instance* comply with Rule 11.8 and, thus, he may not resume the practice of law based on the affidavit filed.

Accordingly, it is the ORDER of this Court respondent's Motion for Direction is DENIED.

It is the further ORDER of this Court respondent is AUTOMATICALLY SUSPENDED from the practice of law, he has been so SUSPENDED SINCE MAY 13, 1991 and he will remain so SUSPENDED UNTIL FURTHER ORDER OF THIS COURT.

It is the further ORDER of this Court the Affidavit of Respondent is DEFICIENT UNDER RULE 11.8 and, therefore,

is insufficient to allow respondent to resume the practice of law and respondent SHALL NOT RESUME THE PRACTICE OF LAW BASED ON SAID AFFIDAVIT.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE.

LAVENDER, Acting C.J., and SIMMS, DOOLIN, HARGRAVE, ALMA WILSON and KAUGER, JJ., concur.

HODGES, V.C.J., dissents.

SUMMERS, J., dissents. I would reinstate respondent upon payment of costs.

OPALA, C.J., not participating.