STATE ex rel. OKLAHOMA BAR ASSOCIATION v. FIELDS
2023 OK 56
Case Number: SCBD-6906
Decided: 05/09/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 56, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
JASON MATTHEW FIELDS, Respondent.
BAR DISCIPLINARY PROCEEDING
¶0 The Oklahoma Bar Association commenced disciplinary proceedings against Respondent, who committed professional misconduct by receiving attorney's fees that were not approved by the probate court, failing to cooperate in the Oklahoma Bar Association's investigation, and breaching his Diversion Program Agreement. We previously suspended Respondent for one year and ordered him within 90 days to repay the attorney's fees he received and to pay the costs of the disciplinary proceedings. Respondent failed to comply with the Court's suspension order. The Oklahoma Bar Association filed a Notice of Respondent's Non-Compliance, and this Court ordered an evidentiary hearing. The Trial Panel recommended this Court suspend Fields from the practice of law for an additional two years and one day due to his failure to comply with the Court's suspension order and participate in the current disciplinary proceedings. We hold that Fields's conduct warrants an additional one year and one day suspension, and Fields must seek reinstatement to practice law after his suspension. We further order Fields to pay the costs of these disciplinary proceedings.
Peter Haddock, Assistant General Counsel of the Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.
Jason Matthew Fields, pro se.
THE RESPONDENT IS SUSPENDED FOR ONE YEAR AND ONE DAY, 
ORDERED TO SEEK REINSTATEMENT AFTER THE COMPLETION OF HIS 
SUSPENSION TO PRACTICE LAW, AND ORDERED TO PAY COSTS.
Winchester, J.
¶1 Complainant Oklahoma Bar Association (OBA) filed its complaint against Respondent Jason Matthew Fields pursuant to Rule 6 of the Rules Governing Disciplinary Proceedings (RGDP). The Trial Panel of the Professional Responsibility Tribunal (Trial Panel) heard this disciplinary matter and found Fields violated the Oklahoma Rules of Professional Conduct (ORPC) and the RGDP by receiving attorney's fees that the probate court did not approve, failing to cooperate with the OBA's investigation into a grievance filed against Fields, and breaching his Diversion Program Agreement. The Trial Panel recommended that this Court suspend Fields from the practice of law for two years and one day and require Fields to repay the attorney's fees he received without the probate court's approval. In State ex rel. Oklahoma Bar Association v. Fields (Fields I), , , we suspended Fields from the practice of law for one year and ordered Fields to repay the Estate of Barbara Jean Dillman (Estate) the attorney's fees he received and to pay the costs of those disciplinary proceedings.
¶2 This current matter arises from Fields's failure to comply with the Court's suspension order in Fields I. Fields failed within 90 days to repay the Estate the attorney's fees and to pay the costs imposed by this Court. The OBA filed a Notice of Respondent's Non-Compliance with the Court's suspension order. This Court issued an Order to Show Cause as to the status of Fields's compliance with the Court's order, and Fields failed to file a response. The Court then ordered that the Trial Panel hold an evidentiary hearing to hear evidence on whether Fields violated the Court's order. The Trial Panel heard the matter, and Fields did not appear. The OBA asserted that, based on the totality of Fields's conduct, the appropriate discipline is an additional one-year suspension. The Trial Panel found that Fields violated the terms of the Court's original order of suspension and Fields had no regard for the current disciplinary proceedings. The Trial Panel recommended that Fields be suspended from the practice of law for two years and one day.
I. FACTS
¶3 In 2003, Fields received his license to practice law in Oklahoma. He remained in good standing with the OBA until this Court suspended him on June 8, 2021, and he remains suspended due to the allegations in this matter. The Court ordered him, within 90 days of his suspension, to repay the Estate the attorney's fees he received without approval from the probate court and to pay the costs of the disciplinary case.
¶4 On November 4, 2021, almost five months after his suspension, Fields filed an application to withdraw as counsel in the underlying probate case involving the Estate but failed to disclose his suspension in the application. On November 8, 2021, Fields filed an amended application, failing again to disclose his suspension. Fields noted that his reason for seeking to withdraw was his client's failure to comply with the terms of representation. He appeared before the probate court on November 16, 2021, and the court granted his withdrawal. Fields did not notify the probate court of this Court's directive to repay to the Estate the attorney's fees he received without approval.
¶5 Fields did not repay the attorney's fees owed to the Estate or the costs of his disciplinary case within 90 days. The OBA attempted to contact Fields multiple times through certified mail, phone calls, voicemail messages, and emails to inquire into his compliance with the Court's 90-day requirement. Fields failed to respond to any of the OBA's attempted contacts. In December 2021, the OBA also contacted Tracy Dillman, the current representative of the Estate, and his attorney. Both advised that Fields had not repaid the Estate.
¶6 In March 2022, the OBA left a voicemail message on Fields's roster phone number, inquiring again into the status of Fields's compliance with the Court's suspension order. Fields did not return the phone call. On March 18, 2022, the OBA received in the mail an envelope from Fields with a check in the amount of $1,129.46, which was the amount Fields owed for the costs of his disciplinary proceedings. Fields did not include correspondence explaining why he submitted the check six months past the 90-day requirement imposed by the Court.
¶7 On May 3, 2022, the OBA sent a certified letter to Fields inquiring into the status of his repayment to the Estate. Fields failed to respond to the certified letter. On May 23, 2022, the OBA followed up again with the representative of the Estate to determine whether Fields had repaid the Estate. The representative relayed to the OBA that the Estate had not received Fields's payment. The OBA also searched the probate docket to determine whether Fields had repaid the Estate.
¶8 On June 2, 2022, the OBA filed with this Court a Notice of Respondent's Non-Compliance with the Court's suspension order. On June 9, 2022, the Court ordered Fields to show cause as to whether he had complied with the Court's suspension order. Fields failed to respond. To allow adequate due process, the Court then issued an Order for Hearing directing the Trial Panel to hold an evidentiary hearing to determine whether Fields violated the Court's suspension order and whether this Court should impose additional discipline. On October 20, 2022, the OBA sent an email to Fields's roster email address, advising Fields of the status of the current disciplinary matter and attaching the Appointment of Trial Panel and Order for Hearing. Fields failed to respond. Fields also did not abide by the scheduling order entered by the Trial Panel for the exchange of witness lists and exhibits.
¶9 On October 31, 2022, the OBA contacted the attorney for the Estate to notify her of the upcoming hearing. The attorney advised the OBA that on May 6, 2022, her office received a check from Fields repaying the Estate the amount ordered by the Court. The date on the check was March 17, 2022. Fields did not include correspondence with the check explaining why he dated the check in March but did not send it until May or why he submitted the check eight months past the 90-day requirement imposed by the Court. The attorney deposited the check into her trust account within days of receipt, but she did not notify the OBA regarding the receipt of the check.
¶10 On November 23, 2022, the Trial Panel heard this disciplinary matter for the second time, and Fields failed to appear despite receiving notice of the hearing. The Trial Panel found that Fields failed to timely comply with the terms of his suspension and further found that he violated ORPC Rules 5.5(b)(2), 8.1(b), 8.4(a), and 8.4(d). The Trial Panel also found that Fields violated RGDP Rules 1.3 and 9.1. The Trial Panel recommended this Court suspend Fields from the practice of law for two years and one day.
II. STANDARD OF REVIEW
¶11 In disciplinary proceedings, this Court acts as a licensing court in the exercise of our exclusive jurisdiction. State ex rel. Okla. Bar Ass'n v. Garrett, , ¶ 3, , 602. Our review of the evidence is de novo in determining if the OBA proved its allegations of misconduct by clear and convincing evidence. The Trial Panel's recommendations are neither binding nor persuasive. State ex rel. Okla. Bar Ass'n v. Anderson, , ¶ 15, , 330. This Court's responsibility is not to punish an attorney, but to assess the attorney's continued fitness to practice law and to safeguard the interests of the public, the courts, and the legal profession. State ex rel. Okla. Bar Ass'n v. Wilburn, , ¶ 3, , 422.
III. DISCUSSION
¶12 Despite Fields's failure to participate in the current disciplinary proceedings, this Court determines the record is sufficient for this Court's de novo examination of the allegations against Fields.
¶13 The OBA contended, and the Trial Panel found, that Fields failed to comply with RGDP Rule 9.1 and committed the unauthorized practice of law during his suspension in violation of ORPC Rule 5.5(b)(2). We hold that Fields did not comply with RGDP Rule 9.1 requirements for his suspension. He did not within 20 days of his suspension: (1) notify his client of his suspension and the need to obtain substitute representation; (2) file a formal withdrawal as counsel in the case; and (3) file an affidavit with the OBA and with this Court stating he complied with the provisions of Rule 9.1, providing a list of the clients he notified and the tribunals and agencies where he was admitted to practice law.
¶14 Specifically, Fields filed an application to withdraw from the probate matter regarding the Estate on November 4, 2021, almost five months after his suspension. Further, Fields failed to file an affidavit with the OBA and this Court indicating that he complied with RGDP Rule 9.1. We find that Fields's failure to follow RGDP Rule 9.1 constitutes professional misconduct.
¶15 The evidence does not clearly or convincingly establish that Fields violated ORPC Rule 5.5(b) by holding himself out as an attorney licensed to practice law when he attended the hearing on his motion to withdraw. He attempted to withdraw from the case as required by RGDP Rule 9.1, and the district court set the matter for hearing. It is unclear how Fields could have withdrawn from the case without attending the hearing. However, Fields should have been forthright with the district court regarding his suspension, as there is no evidence that Fields ever notified the probate court of his suspension or this Court's directive to repay the attorney's fees he received without approval from the court.
¶16 The OBA further contended, and the Trial Panel found, that Fields failed to comply with this Court's suspension order, respond to this Court's show cause order, and participate in these disciplinary proceedings in violation of ORPC Rules 8.1(b), 8.4(a), and 8.4(d). This Court and the OBA gave Fields notice of the allegations of misconduct and the opportunity to respond. Fields has repeatedly and knowingly failed to respond to the lawful demands of this Court and the OBA in this disciplinary matter. His conduct in the current matter is consistent with his conduct in Fields I, which included his failure to cooperate with the OBA's investigation into the grievance involving the Estate, abide by his Diversion Program Agreement, respond to the formal Complaint, appear before the Trial Panel, and file a brief. As we noted in Fields I, failure to respond to requests from the OBA--by itself--is grounds for filing a formal complaint and the imposition of discipline. State ex rel. Okla. Bar Ass'n v. Simank, , ¶¶ 17-19, , 864. Had Fields promptly responded to the requests from this Court and the OBA regarding the status of his compliance with the Court's suspension order, this matter may have gone no further. Fields's own conduct compelled the OBA to file a notice of non-compliance and forced this matter to proceed to an additional hearing before the Trial Panel. His repeated failures to respond to requests for information regarding his non-compliance made the imposition of discipline against him almost inevitable. The totality of this conduct reflects adversely on Fields's fitness to practice law and constitutes professional misconduct in violation of ORPC Rules 8.1(b), 8.4(a), and 8.4(d). Fields's actions are grounds for the imposition of additional discipline under RGDP Rule 1.3.
IV. DISCIPLINE
¶17 The Court imposes discipline upon an offending lawyer consistent with the discipline visited upon other practitioners for similar acts of professional misconduct. State ex rel. Okla. Bar Ass'n v. Combs, , ¶ 36, , 351. This matter involves a lawyer's repeated failure to comply with this Court's orders, respond and reply to the OBA's requests for information, and participate in the disciplinary process. We have imposed discipline for misconduct involving noncooperation with the disciplinary process ranging from a public reprimand to disbarment, reserving the more severe discipline for those who failed to comply with a prior suspension order. See, e.g., State ex rel. Okla. Bar Ass'n v. Haave, , ¶ 15, , 752 (suspending an attorney for two years for her failure to complete legal services on behalf of three clients, answer the OBA's formal complaint, respond to the OBA's attempts to contact her, and attend a hearing in front of the trial panel); State ex rel. Okla. Bar Ass'n v. Combs, , ¶ 23, 202 P.3d 830, 839 (suspending an attorney for an additional six months, applying the suspension retroactively to the date the attorney filed his motion for reinstatement, for his failure to comply with the specific requirements of RGDP Rules 9.1 and 11.8 regarding his original suspension); Simank, , ¶ 13, , 863 (publicly reprimanding an attorney who failed to respond to the OBA's formal complaint and multiple requests for information from the OBA regarding other grievances filed against him); State ex rel. Okla. Bar Ass'n v. Dersham, , ¶ 14, , 642 (disbarring an attorney for his failure to comply with his original suspension order and due to his complete failure to act or respond in any way to the additional allegations of misconduct directed against him).
¶18 The Court's holding in State ex rel. Oklahoma Bar Association v. Giger helps guide the imposition of discipline here. , . The OBA filed a motion to impose additional discipline on an attorney for violating the terms of his conditioned supervision arising out of a previous discipline matter. While the motion was pending, the OBA initiated another disciplinary matter arising out of a client grievance. The attorney failed to file a response to the formal complaint and failed to appear at the hearing before the trial panel. Id. ¶¶ 3-4, 72 P.3d at 31. The OBA was unable to prove the charges brought against the attorney regarding the client's grievance. Id. ¶ 26, 72 P.3d at 37. However, the Court ruled that the attorney violated the Court's suspension order by failing to participate in the Lawyers Helping Lawyers program. The Court held that, in determining whether it should impose additional discipline, it must also consider the attorney's lack of cooperation with the OBA regarding his conditioned supervision and in responding to the additional client grievance. The Court imposed additional discipline, suspending the attorney for a total of two years and one day. Id. ¶ 40, 72 P.3d at 39. In reaching its decision, this Court noted:
We take a particularly dim view of disobedience to court orders. The integrity of the judicial system demands that lawyers, who are officers of the court, respect its authority. . . . Public confidence in the judicial system demands that the court hold lawyers accountable for disobedience to its orders.
Id. ¶ 34, 72 P.3d at 38.
¶19 Similarly, in State ex rel. Oklahoma Bar Association v. Kinsey, , , the OBA brought a seven-count complaint based on the attorney's failure to respond to client grievances and her failure to comply with the terms of her Diversion Program Agreement arising from her neglect in responding to a prior set of grievances. Id. ¶ 10, 205 P.3d at 868. The attorney repeatedly failed to participate in the disciplinary proceedings and then failed to respond to this Court's show cause order. We disbarred the attorney, holding that the totality of her actions required this Court to impose a more severe sanction. Id. ¶ 18, 205 P.3d at 869.
¶20 In this matter, Fields had only one client grievance filed against him, and the harm caused to the Estate was alleviated as Fields ultimately repaid the attorney's fees. However, Fields has shown a total disregard for this Court's authority as exhibited by his failure to abide by the Court's suspension order, respond to the OBA's requests for information, comply with this Court's show cause order, participate in the disciplinary proceedings, appear for a second time at the hearing before the Trial Panel, and file a brief. And such disregard warrants additional discipline. As we held in Kinsey, an attorney whose "pattern of neglect extends to disobeying orders from this Court in his disciplinary action cannot be allowed to hold responsibility for the legal affairs of others." Id. ¶ 19, 205 P.3d at 869. When an attorney also shows no desire to protect his license, he should be forced to appear before this Court pursuant to RGDP Rule 11 to show why he should again be allowed to practice law. State ex rel. Okla. Bar Ass'n v. Whitebook, , ¶ 26, , 523. Thus, we find that the appropriate discipline based on the totality of Fields's misconduct is suspension from the practice of law for one additional year and a day, for a total of two years and one day, so that Fields must seek reinstatement to show why he should be allowed to practice law after his suspension.
V. CONCLUSION
¶21 The OBA established by clear and convincing evidence that Fields violated ORPC Rules 8.1(b), 8.4(a), and 8.4(d), and RGDP Rules 1.3 and 9.1. This Court suspends Fields from the practice of law for one year and a day from the date of this opinion. Due to the overall length of Fields's suspension, Fields must seek reinstatement pursuant to RGDP Rule 11 to show why he should again be allowed to practice law after his suspension.
¶22 The OBA filed an application to assess the costs of the disciplinary proceedings in the amount of $804.34. Fields did not file an objection to this application. These costs include investigation expenses and costs associated with the record, and each is permissible. See RGDP Rule 6.16. This Court orders Fields to pay within 90 days the costs in the amount of $804.34.
THE RESPONDENT IS SUSPENDED FOR ONE YEAR AND ONE DAY, 
ORDERED TO SEEK REINSTATEMENT AFTER THE COMPLETION OF HIS 
SUSPENSION TO PRACTICE LAW, AND ORDERED TO PAY COSTS.
Kane, C.J., Rowe, V.C.J., Kauger, Winchester, Edmondson, Gurich and Kuehn, JJ., concur.
Combs and Darby, J.J., dissent.
Combs, J., dissenting:

"I would disbar the Respondent."

Darby, J., dissenting:

"I would suspend Respondent for two years and one day from the date of this opinion."

FOOTNOTES
 Rules Governing Disciplinary Proceedings, 5 O.S.2021, ch. 1, app. 1-A.
 Oklahoma Rules of Professional Conduct, 5 O.S.2021, ch. 1, app. 3-A.
 We note that Fields's client did not comply with the terms of representation. As explained in Fields I, Fields's client did not follow Fields's instructions regarding the handling of the funds from the sale of the real property that belonged to the Estate. , ¶¶ 3-5, 489 P.3d at 1019. Through its investigation, the OBA concluded that Fields was not responsible for the conduct of his client in misappropriating the Estate funds. Id. ¶ 18 n.13, 489 P.3d at 1022 n.13. Fields has had no contact with his client since 2015, when his client misappropriated the funds.
 The United States Postal Service provided proof of delivery.
 The OBA sent the email with a delivery receipt requested. The email indicated that it was delivered on October 20, 2022, and read on October 21, 2022.
 ORPC 5.5(b) states:
(b) A lawyer who is not admitted to practice in this jurisdiction shall not:
(1) except as authorized by these Rules or other law, establish an office or other systematic and continuous presence in this jurisdiction for the practice of law; or (2) hold out to the public or otherwise represent that the lawyer is admitted to practice law in this jurisdiction.
 ORPC 8.1 states:
An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
(a) knowingly make a false statement of material fact; or
(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6.
 ORPC 8.4 states:
It is professional misconduct for a lawyer to:
(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
(d) engage in conduct that is prejudicial to the administration of justice;
(e) state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law; or
(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.
 RGDP 1.3 states:

The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all. Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline.

 RGDP 9.1 states:

When the action of the Supreme Court becomes final, a lawyer who is disbarred or suspended, or who has resigned membership pending disciplinary proceedings, must notify all of the lawyer's clients having legal business then pending within twenty (20) days, by certified mail, of the lawyer's inability to represent them and the necessity for promptly retaining new counsel. If such lawyer is a member of, or associated with, a law firm or professional corporation, such notice shall be given to all clients of the firm or professional corporation, which have legal business then pending with respect to which the disbarred, suspended or resigned lawyer had substantial responsibility. The lawyer shall also file a formal withdrawal as counsel in all cases pending in any tribunal. The lawyer must file, within twenty (20) days, an affidavit with the Commission and with the Clerk of the Supreme Court stating that the lawyer has complied with the provisions of this Rule, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which the lawyer is admitted to practice. Proof of substantial compliance by the lawyer with this Rule 9.1 shall be a condition precedent to any petition for reinstatement.

 RGDP 11.8 provides:
A lawyer who has been suspended for two (2) years or less upon disciplinary charges may resume practice upon the expiration of the period of suspension by filing with the Clerk of the Supreme Court an original and two (2) copies of an affidavit affirming that affiant has not engaged in the unauthorized practice of law or otherwise violated the rules of the Association or the terms of the affiant's order of suspension. The affidavit shall also describe all business or professional activities of the affiant and places of residence during the term of the suspension. No order of Court is necessary; however, material deletions or misrepresentations in the affidavit shall be grounds for subsequent discipline.

A copy of the affidavit shall be served on the General Counsel by the lawyer at the time of its filing, who may within sixty days file a separate disciplinary complaint with the Professional Responsibility Commission stating the lawyer during the suspension engaged in the unauthorized practice of law or other actions which would render the lawyer subject to discipline.